**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE No. 1:21-cv-23680-JEM/Becerra

ADELA SANTANA,

        Plaintiff,

v.

KILOLO KIJAKAZI
Acting Commissioner of Social Security,

        Defendant.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

**THIS CAUSE** came before the Court upon Plaintiff's Unopposed Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (the "Motion").[1]  ECF No. [26].  Plaintiff's attorneys filed a declaration supporting the attorney fees requested.  *Id.* at 3–7.  Defendant, Kilolo Kijakazi, Acting Commissioner of Social Security, does not oppose the Motion.  *Id.* at 14.  Upon due consideration of the Motion and the applicable law, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that the Motion, ECF No. [26], be **GRANTED**.

**I.      Background**

Plaintiff filed this lawsuit seeking review of Defendant's decision to deny her application for social security disability benefits.  ECF No. [1].  Plaintiff thereafter filed a Motion for Summary Judgment.  ECF No. [14].  In response, Defendant filed a Motion for Summary Judgment and

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF Nos. [2], [5].

response in opposition to Plaintiff's Motion.  ECF Nos. [15], [16].  The Court separately entered

final judgment in Defendant's favor, denied the Plaintiff's Motion for Summary Judgment, and

granted Defendant's Motion for Summary Judgment. ECF Nos. [19], [20].  Plaintiff appealed the

Court's final entry of judgment, and the matter was remanded to the district court "with instructions

to enter judgment and remand the matter to the Commissioner for the purpose of conducting further

proceedings, as provided for by sentence four of 42 U.S.C. § 405(g)."  ECF Nos. [21], [25].

Plaintiff thereafter filed the instant Motion pursuant to the EAJA.  ECF No. [26].

II.     **Analysis**

The EAJA provides that "a court shall award to a prevailing party other than the United

States fees and other expenses . . . incurred by that party in any civil action . . . unless the court

finds that the position of the United States was substantially justified or that special circumstances

make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  There is no dispute that Plaintiff is the

prevailing party.  ECF No. [26] at 8, 14.  Likewise, there is no dispute that Defendant's position

was not substantially justified, and there is no contention that special circumstances make an award

of attorney fees unjust.  *Id.*  Accordingly, the undersigned finds that Plaintiff is entitled to recover

her attorney fees.

The next question is the proper amount of that award.  Plaintiff asks to recover $10,026.49

in attorney fees and $907.00 in costs for the filing fee associated with this lawsuit.  ECF No. [26]

at 1.  The supporting declarations of Plaintiff's attorneys reflect that they expended a total of 42

hours litigating this action in this Court. *Id.* at 2, 4, 6–7, 10.  In 2021, Plaintiff's attorneys expended

1.1 hours on this case at a requested hourly rate of $217.54.  *Id.* at 2, 4, 6.  In 2022, Plaintiff's

attorneys expended 18.2 hours on this case at a requested hourly rate of $234.95.  *Id.* at 2, 6.  In

2023, Plaintiff's counsel expended 22.7 hours on this case at a requested hourly rate of $242.78. *Id.* at 2, 4, 6–7.

The EAJA states in pertinent part that "[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."   28 U.S.C. § 2412(d)(2)(A).   The EAJA establishes a two-step analysis for determining the proper hourly rate. First, the Court must determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).   Second, if the Court finds that the market rate is greater than $125.00 per hour, the Court must determine whether to adjust the hourly fee upward to take into account the increase in the cost of living or a special factor. *See id.*

Defendant does not dispute that the requested hourly rates of $217.54, $234.95, and $242.78 are within the range of the prevailing market rates for the kind and quality of the legal services furnished.   Given the absence of opposition, and based upon the Court's own experience, the undersigned finds that the rates sought are within the range of market rates in similar actions. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (finding that the Court "is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience . . . .").

However, because the requested hourly rate exceeds the $125 per hour statutory rate set by the EAJA, the Court must consider whether to adjust the hourly rate to take into account the increase in the cost of living or other special factors.   Plaintiff does not contend that any special

factors warrant an upward adjustment of the hourly fee.  Instead, Plaintiff contends that his

attorneys' higher hourly rates are permissible because of an increase in the cost of living.  ECF

No. [26] at 10–12.  The application of the cost-of-living adjustment is "next to automatic." *Meyer,*

958 F.2d at 1035 n.9.  When, as here, the work performed is over the course of more than one year,

the hourly rate should be calculated to correspond to the cost of living for each year that the work

was performed, not the rate at the time when the award is made.  *Sensat v. Berryhill*, No. 15-cv-

24727, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018) (collecting cases).

The supporting declarations of Plaintiff's attorneys reflect that they dedicated 1.1 hours

towards this case in 2021, 18.2 hours in 2022, and 22.7 hours in 2023.  ECF No. [26] at 2, 4, 6–7.

There is no dispute that the hourly rates of $217.54 for work performed in 2021, $234.95 for work

performed in 2022, and $242.78 for work performed in 2023 are warranted given the increase in

the cost-of-living, and that this adjustment is proper.[2]  There is also no dispute regarding the

reasonableness of the number of hours that Plaintiff's attorneys devoted to this action.  The

undersigned has carefully reviewed the descriptions of work set forth in the declarations of

Plaintiff's attorneys, as well as the record in this action, and finds that the hours expended are

reasonable.

Finally, the undersigned evaluates whether the award of attorney fees should be payable to

Plaintiff or Plaintiff's attorneys.  In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards

---

[2] The cost-of-living adjustment is calculated by taking the Annual CPI rate for the relevant year and subtracting from it the March 1996 rate and then dividing that number by the March 1996 rate. *See* Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited January 19, 2024); *Sensat*, 2018 WL 5257143, at *6 n.12.  "The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA." *Id.*

are awarded to the litigant, rather than to the litigant's attorney, and EAJA fee awards are therefore

subject to an offset to satisfy a pre-existing debt that the litigant owes to the United States.  560

U.S. 586, 589 (2010).  The Supreme Court noted that nothing in the statute or its holding affects

the prevailing party's contractual right to assign his or her right to receive the fee to an attorney.

*Id*. at 596–98; *see also Montgomery v. Comm'r of Soc. Sec.*, No. 617-cv-1886-ORL-GJK, 2019

WL 2515824, at *1 (M.D. Fla. Feb. 6, 2019).  In order for an assignment to be valid, it must comply

with the Anti-Assignment Act, 31 U.S.C. § 3727(b);[3] *Milanes v. Berryhill*, No. 15-cv-23171, 2017

WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017).   However, the Government can waive the

requirements of the Anti-Assignment Act.  *Sensat*, 2018 WL 5257143, at *7 n.14; *see also Arthur*

*Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government

may recognize an assignment of contract and waive the protection of anti-assignment statutes if it

chooses); *Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008)

(holding that the government may waive the Anti–Assignment Act's prohibition in § 3727(a)

against the assignment of claims).

      In the Motion, Plaintiff requests that attorney fees be paid directly to her attorneys unless

Plaintiff owes a federal debt.  ECF No. [26] at 12–13.  Plaintiff executed an assignment of EAJA

---

[3] The Anti-Assignment Act states in pertinent part that:

> [A] transfer or assignment of any part of a claim against the United States . . . or . . . the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued.  The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses.  The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment.  The certificate shall state the official completely explained the assignment when it was acknowledged.  An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)–(b).

fees (the "Assignment"), a copy of which is attached to the Motion.  ECF No. [26-1].  Specifically, the Assignment states, "*I hereby assign any court-awarded EAJA attorney fees to my attorney.*" *Id*. at 1.   Defendant has lodged no objection to the validity of the assignment.   Thus, the undersigned finds that Defendant has waived the requirements of the Anti-Assignment Act.  *See Sensat*, 2018 WL 5257143, at *7 n.14 (finding that the Acting Commissioner of the Social Security Administration waived the requirements of the Anti-Assignment Act by not objecting to the plaintiff's request that payment be made directly to counsel, even though the assignment did not comply with the Anti-Assignment Act); *see also Milanes*, 2017 WL 3493145, at *2 (noting that the Acting Commissioner of the Social Security Administration had waived the requirements of the Anti-Assignment Act, subject to plaintiff owing a federal debt, even though the assignment did not satisfy the requirements of the Anti-Assignment Act).  Accordingly, the attorney fees award shall be payable to Plaintiff's attorneys, subject to offset against any pre-existing debt Plaintiff may owe to the United States.

## III.   Conclusion

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion, ECF No. [26], be **GRANTED**.  It is **FURTHER RECOMMENDED** that pursuant to the Equal Access to Justice Act, Plaintiff be awarded **$10,026.49** in reasonable attorney fees, and **$907.00** in reasonable costs, which represents reimbursement of the filing fee for this lawsuit.  The foregoing funds should be made payable to Plaintiff's attorneys so long as the United States Department of Treasury determines that Plaintiff has no outstanding debts to the United States that are subject to offset.

## IV.   Objections

A party shall serve and file any written objections to this Report and Recommendation with the United States District Judge for the Southern District of Florida within **three (3) days** of being

served with a copy of this Report and Recommendation.  The Court has shortened the objection

period because the instant Motion is unopposed, and the Court has recommended that the full

amount of fees requested be awarded.  Failure to timely file objections will bar a *de novo*

determination by the District Judge of anything in this Report and Recommendation and shall

constitute a waiver of a party's "right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C);

*see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir.

2020).

       **DONE AND RECOMMENDED** in Chambers at Miami, Florida, on January 19th, 2024.


_____

**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**